Spurgeon E. Bell, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

This is an appeal from a conviction for misdemeanor theft; the punishment, a fine of $100 and ninety days in jail.

To show appellant's guilt, the State depended, primarily, upon the testimony of an accomplice, who testified that he and appellant stole the property as alleged. Appellant was found in the possession of the stolen property, recently after it had been stolen, which fact, the State contends, furnished the corroboration of the accomplice necessary to establish appellant's guilt.

In proving such recent possession, and as a part of its case, the State introduced appellant's declaration, made to the officers at the time his possession of the stolen property was first challenged, to the effect that he came into possession of the property by purchase; and, in addition thereto, the State introduced the written confession of the appellant, in which he stated that he obtained the stolen property from the accomplice by purchase. Other than the testimony of the accomplice, there is no testimony contradictory of the explanation by appellant.

It is insisted that the facts are insufficient to support the conviction. With this contention we are in accord because the State, by the introduction of the confession showing appellant's innocence, destroyed its case as made by the testimony of the accomplice. Brown v. State, 126 Tex.Cr.R. 9, 70 S.W.2d 192.

The judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## JONES v. STATE.
### No. 22453.

Court of Criminal Appeals of Texas.
March 31, 1943.

No attorney for appellant.

Spurgeon E. Bell, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

Possession of whisky in a dry area for the purpose of sale is the offense; the punishment, confinement in the county jail for ninety days.

The record is before us without statement of facts or bills of exception. Nothing is presented for review.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.